IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02202-ZLW

ANDREW VITO SOLAZZO, also known as
ANDREW V. SOLAZZO, also known as
ANDREW SOLAZZO

    Plaintiff,

v.

JULIE MARSHALL,
CORY B. TENBRINK,
SUSAN WOODARD,
CAROL KING,
MARY MULLARKEY, and
NANCY L. COHEN,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 3 1 2010

GREGORY C. LANGHAM
                     CLERK

## ORDER DENYING SECOND MOTION TO RECONSIDER

Plaintiff, Andrew Vito Solazzo, filed *pro se* on March 25, 2010, a motion titled "Motion of Justifiable Excusable Neglect and to Cure Deficiencies in Case #09-cv-02202BNB & ZLW," (Doc. # 20) in which he asks the Court to reconsider and vacate the Order of Dismissal and the Judgment filed in this action on February 19, 2010. In an Order filed on March 12, 2010, the Court denied a previous motion to reconsider filed on February 26, 2010.

The Court must construe the instant motion liberally because Mr. Solazzo is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion will be construed liberally as a second motion to reconsider, and will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Solazzo filed the instant motion to reconsider more than twenty-eight days after the Order of Dismissal and the Judgment were entered in the instant action. The Court, therefore, finds that the motion to reconsider is filed pursuant to Rule 60(b). *See* Fed. R. Civ. P. 60(b); *see also* Fed. R. Civ. P. 59(e).

Mr. Solazzo fails to demonstrate that reinstatement is deserved because extraordinary circumstances exist, *see Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994), as required under Fed. R. Civ. P. 60(b). The time for Mr. Solazzo to inform the Court that his case manager was denying his request for a certified copy of his trust fund account statement was before the Court's deadline for receipt of the certified trust fund account statement, not after dismissal of the instant action for his failure to cure deficiencies. Upon consideration of the motion to reconsider and the entire file, the Court concludes that Mr. Solazzo fails to demonstrate any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action.

As the Court informed Mr. Solazzo in the March 12 order denying reconsideration, the dismissal of this action was without prejudice. If Mr. Solazzo wishes to pursue his claims, he may do so by initiating a separate action and by

2

complying with any cure orders in a timely manner. This is the final motion to reconsider the Court will address in this action. Accordingly, it is

ORDERED that the motion titled "Motion of Justifiable Excusable Neglect and to Cure Deficiencies in Case #09-cv-02202BNB & ZLW," (Doc. # 20) that Plaintiff, Andrew Vito Solazzo, filed *pro se* on March 25, 2010, and which the Court has construed liberally as a motion pursuant to Fed. R. Civ. P. 60(b), is denied. It is

FURTHER ORDERED that this is the final motion to reconsider the Court will address in this action.

DATED: March 29, 2010.

BY THE COURT:

*[signature: Christine M. Arguello]*

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02202-ZLW

Andrew Solazzo
Prisoner No. 128668
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/31/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk